**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DIANNA JOHNSON, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No.  2:10-cv-01130-TS-EJF |
| CITY OF MURRAY, a political subdivision of the State of Utah, and PETER A. FONDACO, in his official and individual capacities, | District Judge Ted Stewart |
| | Magistrate Judge Evelyn J. Furse |
| Defendants. | |

Before the Court is Defendants City of Murray ("Murray City") and Peter A. Fondaco's (collectively, "Defendants") Motion to Amend Answer to Second Complaint.  (Docket No. 20.) At issue is what burden Defendants must meet in order to amend their Answer after the deadline for amending pleadings has expired.  Specifically, whether Defendants must satisfy the good cause standard for modifying a schedule under Federal Rule of Civil Procedure 16(b)(4) and the excusable neglect standard of Rule 6(b)(1)(B).  The Court has carefully reviewed the motion and parties' memoranda.  Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court has concluded that it does not need to hear oral argument and will determine the motion on the basis of the written memoranda.  *See* DUCivR7-1(f).  For the reasons set forth below, the Court DENIES Defendants' Motion.

## BACKGROUND

Plaintiff Dianna Johnson brought this employment discrimination action against Murray City and Peter A. Fondaco asserting causes of action under Title VII and 42 U.S.C. § 1983,

1

among other claims.  Then-Magistrate Judge David Nuffer[1] entered a scheduling order setting an

August 31, 2011, deadline to amend pleadings.  (Docket No. 10.)  On April 2, 2012,

approximately seven months after this deadline passed, Defendants filed their motion to amend.

Defendants seek to amend their answer to include an additional defense as follows:

> Defendant Murray City has implemented and disseminated antidiscrimination, anti-harassment and anti-retaliation policies to its employees to prevent the type of conduct raised herein by the Plaintiff and worked to promptly resolve any complaints that were raised under such policies and thus should avoid any liability for any damages.

(Defs.' Mot. to Amend, Docket No. 20.)  As grounds for adding this defense at this stage

of the litigation, Defendants state they learned of facts creating a good faith basis for this

additional defense only after deposing the Plaintiff and one of her co-workers on

February 2 and March 1, 2012, respectively.

## DISCUSSION

Rule 15 states that where a party seeks to amend a pleading other than as a matter

of course, it "may amend its pleading only with the opposing party's written consent or

the court's leave.  The court should freely give leave when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  Because Defendants bring their motion after the expiration of the

deadline set forth in the scheduling order, this Court must determine what burden

Defendants must meet in order to amend their Answer at this stage of the litigation.  The

parties focused their briefing on whether the good cause standard of Rule 16(b)(4) applies

and, if it does, whether Defendants have met that standard.[2]

---

[1] Judge Nuffer subsequently became a district judge for the District of Utah.

[2] Plaintiff, alleging that a dissonance exists in this District's decisions regarding the applicable standard in this situation, requests that the undersigned "definitively determine and state what standard applies."  (Pl.'s Mem. Opp. 3, Docket No. 29.)  The undersigned, however,

Some circuits require a party seeking leave to amend the pleadings after the expiration of a scheduling order deadline to satisfy the good cause standard of Rule 16(b)(4).  *E.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Ignoring Rule 16 in these circumstances would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).  Notwithstanding the Tenth Circuit's silence, some courts within the Tenth Circuit have applied a two-step analysis requiring a party seeking leave to amend first to show good cause under Rule 16 and then to meet the more liberal standard of Rule 15. *E.g.*, *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687-88 (D. Colo. 2000) (discussing and applying two-step analysis).

While Rule 16(b)(4) speaks to general modification of scheduling orders, when an extension of time is requested after the expiration of the relevant deadline, Rule 6(b)(1)(B) requires a showing of excusable neglect.  Here, Defendants seek to amend after the deadline to do so has passed.  The scheduling order in this case set the deadline for amendments to pleadings at August 31, 2011.  Defendants filed this motion on April 2, 2012, well after this deadline passed.  As such, this Court must first determine whether

---

cannot settle this matter beyond the instant motion.  In any case, courts decide each motion based upon the merits and unique facts of the case.

Defendant can show excusable neglect under Rule 6(b)(1)(B).  *See accord, Washington v. People's Choice Home Loan, Inc.*, No. RWT 09cv1475, 2011 WL 1791937, at *2 (D. Md. May 9, 2011).  If the Court finds excusable neglect, it must then determine whether to allow leave to amend under Rule 15(a).[3]

### Rule 6(b)(1)(B) – Excusable Neglect

In the Tenth Circuit,

> [t]o determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown*, No. 95-7145, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997) (unpublished) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).  "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'"  *Id.*  (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)).

---

[3] Some cases apply both the excusable neglect standard of Rule 6(b)(1)(B) and the good cause standard of Rule 16(b)(4).  *See Weil v. Carecore Nat. LLC*, No. 10-cv-00799-CMA-CBS, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011) (unpublished) (citing cases applying Rule 6(b)(1)(B) and Rule 16(b)(4) where parties seek leave to amend a pleading after the deadline to do so).  However, it would appear that where a party in this situation is able to show excusable neglect under Rule 6(b)(1)(B), which itself embodies a good cause requirement, it will necessarily be able to show good cause under Rule 16(b)(4), thereby rendering the second inquiry redundant.  Some courts have equated excusable neglect with good cause in other contexts.  *See Sweetwater Investors, LLC v. Sweetwater Apartments Loan, LLC*, No. 1:10-CV-223-WKW [WO], 2011 WL 1545076, at *2 n.2 (M.D. Ala. Apr. 25, 2011) (unpublished) (recognizing that in "another context, 'good cause' has been equated with 'excusable neglect.'" (citation omitted)).

As explanation for their delay in seeking to amend, Defendants state they only learned of facts providing a good faith basis to bring this additional defense after deposing the Plaintiff and a co-worker on February 2 and March 1, 2012, respectively. (Defs.' Mem. Supp. 2, Docket No. 20.)  The additional defense that Defendants now seek to add, however, does not appear to rely upon any information learned from deposing the Plaintiff and her co-worker.  Defendants should have known from the beginning of this action whether Murray City had anti-discrimination policies and whether it took action to resolve Plaintiff's complaints.  Defendants fail to provide any legitimate reason why they had no awareness of the basis for this defense, which concerns their own actions, before the amendment deadline and have thus failed to show excusable neglect.

### *Rule 16(b)(4) – Good Cause*

If Rule 16 not Rule 6 provides the proper standard, this Court would have to deny Defendants motion to amend for failure to state good cause under Rule 16(b)(4).  Rule 16's good cause standard "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."  *Medtronic, Inc.*, 194 F.R.D. at 687 (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)).

Here, Defendants do not adequately explain why they could not initially plead the defense they now seek to add.  Indeed, the information upon which the defense relies appears to fall within Defendants' control.  As discussed above, Defendants should have known from the outset whether they had anti-discrimination policies in place and whether they took action to resolve Plaintiff's complaints.  "[W]here the party seeking an untimely amendment knows or should have known of the facts upon which the proposed

amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial." *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890-TS-BCW, 2010 WL 2382593, at *2 (D. Utah June 14, 2010) (unpublished) (quoting *Potts v. Boeing Co.*, 162 F.R.D. 651, 653 (D. Kan. 1995)).  *See also State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (stating that motion to amend is subject to denial where a party fails to include facts it already knows or should have known in original complaint) (citation omitted).  Because Defendants fail to offer an adequate explanation for their delay, they also fail to show good cause under Rule 16(b)(4).

### *Rule 15(a) – Leave to Amend*

Because Defendants have failed to show excusable neglect and/or good cause, this Court need not reach the question of whether it should grant leave to amend pursuant to Rule 15(a).  However, were the Court to consider this question, Defendants would fail at this stage also.  The Tenth Circuit "focuses primarily on the reasons for the delay" and has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"  *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).  *See also Birmingham v. Experian Info. Sys., Inc.*, 633 F.3d 1006, 1020-21 (10th Cir. 2011) ("[A] district court has discretion to deny a motion to amend as untimely when the movant's delay is unexplained."); *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").  Lacking an adequate explanation for the delay, Defendants, without more, may not amend.

6

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' Motion to Amend

Answer to Second Complaint (Docket No. 20).

DATED this 18th day of October, 2012

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge